IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re | ) | CV. NO. 11-00315 DAE-KSC |
| | ) | BK. NO. 09-02506 RJF |
| RERI NANILEI SEPTIMO, | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| RERI NANILEI SEPTIMO, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DAVID C. FARMER, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

ORDER AFFIRMING BANKRUPTCY COURT'S DECISION

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.  After reviewing Appellant Reri Nanilei Septimo's appeal and the supporting and opposing memoranda, the Court **AFFIRMS** the Bankruptcy Court's decision.

BACKGROUND

I.      Procedural History

On October 27, 2009, Appellant Reri Nanilei Septimo ("Appellant") filed a voluntary petition for bankruptcy under Chapter 7.  (Bk. No. 09-02506, Doc. # 1.)  On her schedule of assets, Appellant listed an interest in real property located at 21 Oopu Way in Wailuku.  (Id., Schedule A.)  The property is leased from the State of Hawaii Department of Hawaiian Home Lands, pursuant to the Hawaiian Homes Commission Act of 1920 ("HHCA").[1]  (Doc. # 6 at 4.)  In her petition, Appellant claimed that her residence was exempt under "42 Statute 108 Chapter 42 Section 205," an apparent reference to the HHCA.  (Bk. No. 09-02506, Doc. # 1., Schedule C.)

On January 9, 2010, Bankruptcy Trustee David C. Farmer ("Appellee" or "Trustee") filed an objection to Appellant's claims of exemption.  (Bk. No. 09-02506, Doc. # 11.)  The objection asserted, inter alia, that the HHCA provides no exemption to the property and that the Trustee may sell leasehold land

---

[1] The HHCA set aside 200,000 acres of land previously ceded to the United States "for the creation of loans and leases to benefit native Hawaiians." Arakaki v. Lingle, 477 F.3d 1048, 1054 (9th Cir.).  These lands were to be leased exclusively to native Hawaiians for a term of ninety-nine years at a nominal rate of one dollar per year.  HHCA § 208(1), (2) & (5).

with any attached structures to any qualified Hawaiian Homes beneficiary.  (Id. at 4.)

On February 3, 2010, Appellant filed an opposition to the Trustee's objection.  (Bk. No. 09-02506, Doc. # 15.)  On February 4, 2010, Appellant filed an amended opposition asserting, inter alia, that the Trustee should be equitably estopped from "backtracking on an exemption that has long been honored in this district."  (Bk. No. 09-02506, Doc. # 17 at 3.)  On February 10, 2010, the Trustee filed a Reply.  (Bk. No. 09-02506, Doc. # 20.)  On February 12, 2010, Appellant filed Debtor's Submission of Additional Argument and Evidence in opposition to the objection.  (Bk. No. 09-02506, Doc. # 22.)  Appellant argued, inter alia, that the lease cannot be transferred without DHHL first declaring that she has forfeited the lease.  (Id. at 5.)  Appellant further argued that because she has not violated the lease conditions, DHHL cannot order her to vacate the property.  (Id.)

On February 22, 2010, the Bankruptcy Court issued an Order overruling the Trustee's objection as to Appellant's motor vehicle, but sustaining the objection as to Appellant's interest in "her residence, a Hawaiian Homes property located at 21 Oopu Way Wailuku, Maui, Hawaii."  (Bk. No. 09-02506, Doc. # 26, at 2.)  Appellant did not appeal this order.

On April 13, 2010, Appellant was discharged. (Bk. No. 09-02506, Doc. # 31.)

On March 18, 2011, Appellee filed a Motion to Compel Debtor to Cooperate with Trustee ("Motion to Compel"). (Bk. No. 09-02506, Doc. # 35.) The Trustee asserted that Appellant had not allowed him access to the property to permit the inspection by a potential purchaser despite his repeated requests. (Bk. No. 09-02506, Doc. # 35-1 at 6.) The Trustee further asserted that he has the "right and the duty to administer DHHL property so long as it complies [with] the requirements of the Hawaiian Homes Commission Act that requires that the property be used solely for the benefit of a qualified beneficiary." (Id. at 7.)

On April 6, 2011, Appellant filed an opposition to the Trustee's Motion to Compel. (Bk. No. 09-02506, Doc. # 39.) Appellant asserted that under the HHCA, her leasehold rights to the Subject Property can only be taken away if she is in violation of the terms of the lease, which she was not. (Id. at 4.) Appellant further contended that to eject her and cancel the leasehold rights, DHHL must declare her leasehold interest null after a hearing, and an ejectment action in court must occur. (Id. at 4–5.) Appellant also argued that Appellee had not demonstrated how the Bankruptcy Court may "overcome[] the Department of Hawaiian Homelands' over the land it administers." (Id. at 5–6.)

On April 19, 2011, Appellant filed an amended Schedule C and listed her interest in the leasehold property, claiming an exemption of $10,976.00. (Bk. No. 09-02506, Doc. # 44, Schedule C.)

II.     Bankruptcy Court's Decision

At the hearing on April 20, 2011, the Bankruptcy Court stated the following:

> Okay, so where I stand right now is, I've ruled in another case and that ruling has been affirmed by the District Court that the Hawaiian Home Lands' leases are property of the bankruptcy estate, they're not exempt and they effectively belong to the trustee so the trustee can do whatever he can with them. The value of them is limited because they could only be sold to qualifying lessees and that's a small market, so in some cases it may be impossible to sell. But under the law, they do belong to the bankruptcy estate and that's—that's been argued in this case and others and the District Court has said I'm right about that.
>
> Now, the arguments made here that the only way to get rid of this lease or to take the lease away from Ms. Septimo is to cancel it and then have it reissued by the Department of Hawaiian Home Lands and that's not correct. The lease has a provision in it that says it can be assigned with the two qualified lessee with the approval of DHHL and that's what the Trustee has to do, it has to find a qualified lessee and get DHHL's approval to do that. If the Trustee is able to do that, the— the Trustee can sell this property.
> . . .
>
> [T]his motion is really about whether you need to cooperate with the Trustee's effort to sell the property and I think it's probably best for you if you do. I mean, the Trustee is going to sell this property. He has the legal right to sell this property. At this point, the only question is what price he gets for it. If you don't cooperate with him, don't let people see the inside of the property, it's going to be sold for less money and you'll get less benefit

> out of it. So it really is in your interest at this point to cooperate with the Trustee and that's also what I think you're required to do under bankruptcy law. In order to get your debts discharged, you have to turn over all your property to the Trustee so he can give it to the creditor with certain exceptions and these leases are not one of the exceptions.

(Bk. No. 09-02506, Doc. # 69, at 2–4.)

On April 22, 2011, the Bankruptcy Court issued a written Order Granting Motion to Compel Debtor to Cooperate with Trustee. (Bk. No. 09-02506, Doc. # 49.) The Order states:

> The Motion [to Compel Debtor to Cooperate with Trustee] was brought on the grounds that the Trustee successfully objected to the Debtor's claim of exemption regarding an interest in a Department of Hawaiian Home Lands leasehold and attached property described as 21 Oopu Way Wailuku, HI 96793 (the "Property") and the Trustee has sought to obtain access to the Property to permit the inspection by a potential purchaser but the Debtor has not consented to permit the inspection. . . .
>
> The Debtor is hereby ordered to cooperate with the Trustee and permit inspections of the Property. Should an order enter approving the sale of the Property that is not stayed, the Debtor is obligated to cooperate with the Trustee and promptly quit the premises. Upon the certification of the Trustee of the Debtor's failure to cooperate, the Trustee shall be entitled to apply to the Bankruptcy court to issue process that will authorize the Debtor's removal from the Property through an immediate writ of possession.

(Id. at 2–3.)

On May 2, 2011, Appellant filed a Notice of Appeal regarding the Bankruptcy Court's April 22, 2011 Order. (Bk. No. 09-02506, Doc. # 53.) On

January 19, 2012, Appellant filed her Opening Brief. (Doc. # 6.) On February 2, 2012, Appellee filed his Answering Brief. (Doc. # 8.) Appellant did not file a reply brief.

## STANDARD OF REVIEW

A district court applies the same standard of review applied by an appellate court in reviewing a bankruptcy appeal. In re JTS Corp., 617 F.3d 1102, 1109 (9th Cir. 2010). "The court reviews the Bankruptcy Court's findings of fact under the clearly erroneous standard and its conclusions of law de novo." In re Kimura, 969 F.2d 806, 810 (9th Cir. 1992); see also JTS Corp., 617 F.3d at 1109 ("The Bankruptcy Court's findings of fact are reviewed for clear error, while its conclusions of law are reviewed de novo." (quotations omitted)); In re Marquam Inv. Corp., 942 F.2d 1462, 1465 (9th Cir. 1991) ("We review the Bankruptcy Court's findings of fact under the clearly erroneous standard and its conclusions of law de novo."). The court "must accept the Bankruptcy Court's findings of fact, unless 'the court is left with the definite and firm conviction that a mistake has been committed.'" JTS Corp., 617 F.3d at 1109 (quoting In re Greene, 583 F.3d 614, 618 (9th Cir. 2009). "'Mixed questions of law and fact are reviewed de novo.'" Id. (quoting In re Chang, 163 F.3d 1138, 1140 (9th Cir. 1998)).

## DISCUSSION

In the instant appeal, Appellant contends that the Bankruptcy Court cannot issue orders regarding disposition of the leasehold because: (1) the Trustee does not have a right to the lease; and (2) Appellant can only be divested of the lease if she is not in compliance of the lease terms.

I.   Assumption of the Lease

Appellant argues that the Subject Property is not part of the estate because the Trustee has rejected the right to the lease by not timely assuming it pursuant to 11 U.S.C. § 365(d)(1).[2]  Appellant did not present this argument before the Bankruptcy Court.

As a general rule, an appellate court will not consider arguments that are raised for the first time on appeal absent exceptional circumstances.  See In re Home America T.V.-Appliance Audio, Inc., 232 F.3d 1046, 1052 (9th Cir. 2000). Exceptional circumstances exist when:  (1) review will prevent a miscarriage of

---

[2] 11 U.S.C. § 365(d)(1) states:

In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease is deemed rejected.

justice; (2) a change in the law raises a new issue while an appeal is pending; and (3) "the issue presented is purely one of law and either does not depend upon the factual record developed below, or the pertinent record has been fully developed." Id. The decision to consider an issue not raised below is discretionary and such an issue should not be decided if it would prejudice the other party. Kimes v. Stone, 84 F.3d 1121, 1126 (9th Cir. 1996). None of the exceptional circumstances listed above exist here. Accordingly, the Court will not decide this issue.

Appellant also argues that because the lease was rejected by the Trustee, "the lease reverts to her in full," and therefore she can only be divested of the lease if she is in violation of the lease terms. (Doc. # 6 at 7.) This argument, however, assumes that the Trustee rejected the lease, an issue that the Court declines to reach. Therefore, the Court will not reach the issue of whether Appellant can now avoid being divested of her lease if she is in compliance with the lease terms.

To the extent that Appellant argues that she generally cannot be divested of the lease if she remains in compliance with the lease terms—regardless of whether the Trustee rejected the lease—this argument appears to revisit the issue of whether the property can become part of the bankruptcy estate, which was decided by the Bankruptcy Court in its February 22, 2010 Order Regarding

9

Objection to Debtor's Exemptions. (See Bk. No. 09-02506, Doc. # 26.) Appellant's argument that the Trustee "has not established that he has sufficient Hawaiian blood to qualify as a holder of the lease," (Doc. # 6 at 9–10), also appears to pertain to whether the property is part of the estate. As noted above, the Bankruptcy Court issued an order sustaining the Trustee's objection to Appellant's claim of exemption as to the Subject Property. (Id.) Appellant did not appeal this order. The Court therefore will not reach these issues.

In any event, this Court's recent decision in In Re Maunakea disposes of these issues. See In re Maunakea, 488 B.R. 252 (D. Haw. 2011). Maunakea involved two chapter 13 bankruptcy cases with native Hawaiian debtors whose assets included interests in real property leased from the Department of Hawaiian Home Lands pursuant to the HHCA. Id. at 254–55. One of the issues on appeal was whether the leaseholds should be considered property of the estate such that their value must be considered in a hypothetical liquidation of the debtors' assets analysis. Id. at 254. The Court rejected the debtors' argument that a "forced transfer of a leasehold interest is qualitatively the same thing as a cancellation" and that section 210 of the HHCA sets out the limited circumstances under which a lease may be cancelled. Id. at 265. Section 210, which Appellant also cites, provides:

> Whenever the department has reason to believe that any condition enumerated in section 208 or any provision of section 209, of this title has been violated, the department shall give due notice and afford opportunity for a hearing to the lessee of the tract in respect to which the alleged violation relates or to the successor of the lessee's interest therein, as the case demands. If upon such hearing the department finds that the lessee or the lessee's successor has violated any condition in respect to the leasing of such tract, the department may declare the lessee's interest in the tract and all improvements thereon to be forfeited and the lease in respect thereto canceled, and shall thereupon order the tract to be vacated within a reasonable time. The right to use and occupancy of the Hawaiian home lands contained in such tract shall thereupon revest in the department and the department may take possession of the tract and the improvements thereon.

HHCA § 210.  The Court found that the HHCA "specifically contemplates the different circumstances in which a forced transfer and a cancellation take place," and therefore the argument that section 210 is the only means by which native Hawaiians may be divested of their leaseholds is without merit.  Id. at 265–66.  The Court also rejected the characterization of such a transfer as forced, stating that "[i]t is a maxim of bankruptcy law that a trustee 'stands in the shoes' of the debtor."  Id. at 266 (citing Smith v. Arthur Andersen LLP, 421 F.3d 989, 1002 (9th Cir. 2005).  The Court went on to state:

> Indeed, the trustee is "the representative of the bankrupt estate and has the capacity to sue and be sued [as well as] collect and reduce to money the property of the estate." [Smith, 421 F.3d at 1002.] . . . The trustee, standing in the shoes of the debtor, would simply effectuate a transfer of the leasehold to another native Hawaiian.  For the purposes of the Bankruptcy Code and this analysis, it would be as though Appellants themselves had voluntarily decided to transfer the leasehold.  Although couched in the negative, the

> HHCA makes provision for such a transfer. See HHCA § 208(5) ("The lessee shall not in any manner transfer to ... any other person, except a native Hawaiian, and then only upon the approval of the [DHHL] ... his interest in the tract."). Moreover, although section 210 contemplates divestiture of a leasehold by the DHHL, see HHCA § 210 ("[If certain conditions are satisfied] the department may declare the lessee's interest in the tract and all improvements thereon to be forfeited . . . ." (emphasis added)), there is nothing in the HHCA which suggests the DHHL's consent to a transfer, as required by HHCA section 208(5), is conditioned on a violation of the terms and conditions of section 210.

Id. Appellant's arguments regarding divesting of the lease and that the Trustee must himself be native Hawaiian to administer the leasehold are without merit. Moreover, here, the Trustee plans to transfer Appellant's leasehold to another native Hawaiian. (See Bk. No. 09-02506, Doc. # 35-1 at 6; Bk. No. 09-02506, Doc. # 35-2 ¶ 4.)

II.     Motion to Compel Cooperation

Appellant has failed to proffer any persuasive argument as to why the Bankruptcy Court erred in granting the Motion to compel her cooperation with the Trustee, and she has not disputed that she has refused to grant the Trustee reasonable access to her property. The Bankruptcy Court has already determined that the Subject Property is included in the bankruptcy estate— an issue that is not presently before the Court on appeal—and Appellant also concedes that her house is part of the bankruptcy estate. (See Doc. # 6 at 7 ("The house on the property can

be sold, the trustee can have the house removed and placed on another property.").)

Section 521 of the Bankruptcy Code requires a debtor to cooperate with the bankruptcy trustee to allow the trustee to perform trustee duties. Specifically, Section 521 provides:

(a) The debtor shall--

(3) if a trustee is serving in the case or an auditor is serving under section 586(f) of title 28, cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title;

(4) if a trustee is serving in the case or an auditor is serving under section 586(f) of title 28, surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate, whether or not immunity is granted under section 344 of this title;

11 U.S.C. § 521.

The Trustee has a duty to, <u>inter alia</u>, "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest[.]" 11 U.S.C. § 704(a)(1). Here, the Trustee wants to access Appellant's property so that a potential purchaser may inspect it. The Trustee is merely performing his duties.

The Bankruptcy Court simply ordered Appellant to permit property inspections and to vacate the premises if the Bankruptcy Court approves the sale of

the property.  This is not contrary to the Bankruptcy Code, and Appellant has not persuaded the Court otherwise.

## CONCLUSION

For the reasons stated above, the Court **AFFIRMS** the Bankruptcy Court's decision.  Therefore, Appellant is hereby ordered to fully cooperate with the Trustee in his effort to properly dispose of and transfer the real property which is the subject of this action.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 5, 2012.

_____
David Alan Ezra
United States District Judge

Septimo v. Farmer, CV No. 11-00315 DAE-KSC; ORDER AFFIRMING BANKRUPTCY COURT'S DECISION